UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>              Plaintiff,<br><br>   v.<br><br>SGT. HIGGINS and SGT. MECHTEL,<br><br>              Defendants. | Case No. 1:14-cv-00125-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Voluntarily Dismiss Sgt. Mechtel (Dkt. 93). For the reasons discussed below, the Motion to Dismiss will be granted.

## BACKGROUND

On March 17, 2017 the Court granted Defendants' Cross Motion for Summary Judgement, dismissing Carr's claims against Sergeant Mechtel (along with several others) for failure to exhaust administrative remedies against those defendants. (Dkt. 85). Carr subsequently appealed to the Ninth Circuit Court of Appeals. That court affirmed the dismissal of the majority of Carr's claims, but remanded the claims against Higgins and Mechtel for consideration of whether Carr had properly exhausted his administrative remedies. (Dkt. 92).

During the same timeframe, Carr was pursuing another lawsuit, *Carr v. Higgins*, Case No. 1:13-cv-00380-REB ("*Higgins*"), in this District which generally involved the

**MEMORANDUM DECISION AND ORDER - 1**

same factual background as this case. Carr attempted to amend his complaint in *Higgins* to include the same First Amendment claim against Sergeant Mechtel as was already asserted in this case. (*Higgins*, Dkt. 19). That request was denied in the same Order summarily dismissing all of Carr's existing claims in the *Higgins* case. (*Higgins*, Dkt. 78). Carr subsequently appealed to the Ninth Circuit Court of Appeals. That court affirmed the summary dismissal of all but one defendant and provided leave for Carr to amend his complaint relating to Sergeant Mechtel. (*Higgins*, Dkt. 92). Carr then filed an Amended Complaint in *Higgins* to include the First Amendment claim against Sergeant Mechtel. (*Higgins*, Dkt. 103). Carr now seeks to voluntarily dismiss Sergeant Mechtel from the present case in order to pursue the same First Amendment claim against him in the *Higgins* case. (Dkt. 93).

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) "allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996). A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir.1987). Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist.*, 100 F.3d at 97.

A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling or if the moving party has been

dilatory in doing so. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir.1988); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The *Terrovona* court found that the district court's refusal to use its discretion under F.R.C.P. 41(a)(2) was reasonable because the magistrate judge had already issued his report and recommendation when the plaintiff's motion was filed. *Terrovona*, 852 F.2d at 429. Additionally, the Ninth Circuit has stated that the district court properly found legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud. *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1169 (9th Cir. 1994), as amended (July 25, 1994).

Other courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or subject a single plaintiff to inconsistent rulings. See *American Nat'l Bank & Trust Co.*, 931 F.2d at 1412; *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir.1990); *BP W. Coast Prod. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013).

In contrast, the Ninth Circuit has explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice. *Westlands Water Dist.,* 100 F.3d at 97. Though not mandatory, the defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees, but only those for work which cannot be used in future litigation of the claims. *Id*. Prejudice also does not occur merely because the defendant may be

inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

Here, Defendants argue that they will suffer plain legal prejudice because the matter has been extensively litigated in this action. Defendants also contend that Carr was dilatory in filing his motion under F.R.C.P 41(a)(2) and that the rulings of the Appellate Court in both actions would be complied with by keeping Mechtel a party in this case.

Although the present case has been ongoing since March 31, 2014, only three Orders pertain to Mechtel. The first allowed Carr's First Amendment claim to move forward, the second summarily dismissed that claim, and the third reversed the summary dismissal to further address whether administrative remedies were exhausted. Carr's Amended Complaint lodged in the *Higgins* case has confined the claim against Mechtel to the same First Amendment claim as was asserted against him in the present case. Thus, the procedural posture will remain the same in either action. Carr will be required to satisfy the court that he has exhausted all administrative remedies against Mechtel before proceeding further into the merits of his First Amendment claim. Whether Carr pursues his claim against Mechtel in the present action or chooses to do so in *Higgins*, Mechtel's burden will not change, nor will he be prejudiced.

Carr may have been dilatory in requesting to dismiss Mechtel, but the Court does not find any prejudice stemming from that delay. Defendants will be required to address the same facts in either case. Similarly, although retaining Mechtel in the present action would honor the Ninth Circuit's rulings in both cases, so would allowing Carr's Amended Complaint to move forward in another proceeding in this forum.

**MEMORANDUM DECISION AND ORDER - 4**

Additionally, dismissing Mechtel from the present action would not create the potential for inconsistent rulings. Although the remanded claims against both Higgins and Mechtel present themselves against the same general backdrop of alleged mistreatment and conspiracy, the inquiries diverge factually regarding exhaustion of administrative remedies against each. Thus, a ruling in once case would have no bearing upon the other.

Because Defendants have shown no legal prejudice which would result from dismissing Mechtel from the present action, Carr's motion will be granted.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Voluntarily Dismiss (Dkt. 93) is **GRANTED.**

DATED: February 26, 2018

B. Lynn Winmill
Chief U.S. District Court Judge