UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN CARLYN, SGT. HIGGINS, D.W. YORDY, D.W. COBURN, WARDEN RANDY BLADES, DR. BABICH, DR. WHINNERY, TINAWILLIAMS, SHELLY MALLET, CORIZON MEDICAL, IDOC, WARDEN RAMIREZ, BRENT REINKE, BRETT PHILLIPS, LT. AIELLOS, LT. WOODLAND, SGT.MECHTEL, SGT. LEGG, SGT.NEICKO, SGT. CARTER, SGT. LINK, SGT. SCHERER, C/O MADDOX, C/OKENNEDY, C/O CERVANTES, C/OFIGUEROA, C/O WHITAKER, A. PITZER and P.A. VALLEY,<br><br>    Defendants. | Case No. 1:14-cv-125-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Plaintiff's Motion for Summary Judgment (Dkt. 101), Defendant Sergeant Timothy Higgins' Cross Motion for Summary Judgment (Dkt. 102), Plaintiff's Motion to Compel (Dkt. 108), Plaintiff's Motion to Appoint Counsel (Dkt. 109) and Plaintiff's Motions for Subpoenas (Dkts. 113, 114). Having reviewed the

**Memorandum Decision & Order - 1**

record and briefs, the Court finds that the facts and legal arguments are adequately presented and oral argument is unnecessary. *See* Loc. Civ. R. 7.1(d)(2)(ii).

## BACKGROUND

On March 31, 2014, Plaintiff Jody Carr, an inmate in the custody of the Idaho Department of Correction ("IDOC"), filed a Civil Rights Complaint (Dkt. 1) against various entities and employees of the IDOC and Corizon. After reviewing Plaintiff's original Complaint, Magistrate Judge Ronald E. Bush issued an Initial Review Order (Dkt. 13) on October 15, 2014 instructing Plaintiff to file an amended complaint, which Plaintiff did on February 6, 2015 (Dkt. 20). Plaintiff's Amended Complaint included a litany of allegations against numerous individuals and entities. Upon reviewing Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e) & 1915A, the Court determined that Plaintiff could proceed on a number of claims including the following: Eighth Amendment deliberate indifference medical care claim against Corizon employees Rory York, Dr. Whinnery, Tina Williams and Shelly Mallet; Eighth Amendment interference with medical care claim against former IDOC employee Tim Higgins; Eighth Amendment failure to protect claims against Sergeant Link, Sergeant Carter, and Lieutenant Aiello; First Amendment mail interference claims against Officer Maddox and Lieutenant Woodland; and a First Amendment free speech claim against former IDOC employee Edward Mechtel. *See* Dkt. 27 at 27-28. The parties filed cross motions for

summary judgment, and on March 17, 2017 the Court granted summary judgment in favor of all Defendants, and entered judgment accordingly (Dkt. 86).

Because the Court dismissed the Eighth Amendment interference with medical care claim against Defendant Higgins on the basis that Plaintiff had failed to exhaust administrative remedies, it did not reach the merits of Defendant's Cross-Motion for Summary Judgment. Plaintiff filed a Notice of Appeal from the March 17, 2017 Judgment on April 3, 2017 (Dkt. 87). On October 26, 2017, the Ninth Circuit found that the District Court had properly granted summary judgment on Plaintiff's failure to exhaust administrative remedies for all Defendants except for Higgins and Mechtel. *See* Dkt. 92 at 3. Specifically, with regards to those Defendants, the Ninth Circuit found Plaintiff had provided evidence that prison staff "prevented him from exhausting his claim against Higgins by refusing to collect his concern forms." *Id*. As such, the March 17, 2017 Judgment was reversed in part, and remanded for further proceedings against Defendants Higgins and Mechtel. *Id*. The Court then granted Plaintiff's Motion to Dismiss Defendant Mechtel (Dkt. 93) because Plaintiff was pursuing his claims against Mechtel in another matter: *Carr v. Higgins, et al.*, Case No. 1:13-cv-00380-REB. *See* Dkt. 97. Thus all that remains in this case is the Eighth Amendment interference with medical care claim against Defendant Higgins. *See* Dkt. 92 at 3.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id*. To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id*. Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather, the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that preclude summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

A moving party who does not bear the burden of proof at trial may show that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325. Once the moving party meets the requirement of Federal Rule of Civil Procedure 56 by either

showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It is not enough for the non-moving party to rest on mere allegations or denials in his pleadings. *Id.* at 256. Genuine factual issues must exist that can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Id.* at 250. When determining if a genuine factual issue exists, a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability. *Id.* at 254. The mere existence of a scintilla of evidence in support of a plaintiff's position would be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Id.* at 252. Furthermore, Rule 56(c) mandates the entry of summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on inadequate medical treatment, an inmate must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir.1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th

Cir.1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id*. at 1059. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. *Id*. at 1060. This second prong—deliberate indifference—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id*. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. at 1059. Yet, an "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under § 1983. *Id*. A prisoner need not show his harm was substantial, but serious harm would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. *Id*. at 1060. If the harm is an "isolated exception" to the defendant's "overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

## ANALYSIS

### 1. Plaintiff's Eighth Amendment Claim is the Only Claim Before the Court

At the outset of this litigation, in its Initial Review Order, the Court limited Plaintiff's case against Sergeant Higgins to his claim for interference with medical care under the Eighth Amendment. Dkt. 13. Plaintiff, in his Motion for Summary Judgment,

for the first time requests this court grant relief against Sergeant Higgins based on the conditions of his confinement, and Defendant Higgins' "retaliation." Dkt. 101-1 at 1. Specifically, Plaintiff points to Defendant's failure to house him in the conditions of confinement as ordered in the "Balla Injunction," resulting in inadequate medical care for "potentially fatal disease Clostridium Difficile (C-Diff)." *Id; see also* Dkt.101-2 at 5. Mr. Carr's Motion for Summary Judgment also includes a claim that Defendant was retaliating against him "to hinder, thwart and dissuade the Plaintiff from exercising his First Amendment rights." *Id.* at 4. Whether Sergeant Higgins was responsible for those conditions, whether those conditions violated Mr. Carr's constitutional rights, and whether Sergeant Higgins retaliated against Mr. Carr in violation of the First Amendment is not at issue in this case. The Court will restrict itself to Plaintiff's claim in the Amended Complaint that Sergeant Higgins was deliberately indifferent to his serious medical need based upon Sergeant Higgins' interference with medical care in violation of the Eighth Amendment.

2. **Mr. Carr Fails to Adduce Evidence on Which a Reasonable Juror Could Find in His Favor**

Plaintiff's Eighth Amendment claim against Defendant Higgins relates to two specific time frames: April 26 to December 11, 2012 and February 5 to April 9, 2013. Mr. Carr alleges that Defendant Higgins prevented him from receiving adequate medical care while he was housed in Unit 8, the most restrictive housing unit at ISCI. *See* Dkt. 27

at 10. It is undisputed that Sergeant Higgins was in charge of Unit 8 during both time periods. *See* Dkt. 73-7 at ¶¶ 3-5. Inmates in Unit 8 during this time frame, including Plaintiff, had the ability to request medical care via health service request forms. *Id.* at ¶ 7. In addition, medical personnel came directly to Unit 8 on a scheduled weekly basis to provide the inmates an opportunity to seek medical care. *Id.* As Sergeant of Unit 8, Defendant Higgins did not direct inmate medical care but relied on the judgment, opinions, and expertise of prison medical personnel in determining the course of treatment that was medically necessary and appropriate for inmates. See *Id.* at ¶ 8. Because Plaintiff has not provided any evidence to the contrary, the Court accepts as undisputed the fact that inmates in Unit 8 had the opportunity to access medical care on a weekly basis. *See generally* Dkt. 73.

Furthermore, Defendant Higgins has introduced evidence that, during the two time periods at issue, Mr. Carr had numerous encounters with medical personnel. *Id.* By extension, Defendant Higgins argues that he never prevented Plaintiff from receiving medical care and never denied, delayed or intentionally interfered with Plaintiff's medical treatment. *See* Dkt. 73-7, at ¶¶6-9. Upon entering Unit 8 in April, 2012, in fact, Mr. Carr had regular visits with medical professionals.[1] At each of those visits, the evidence shows

---

[1] A non-exhaustive list of Mr. Carr's visits with medical personnel in 2012 include April 25, April 26, May 9, May 30, June 29, July 12, July 18, July 21, August 31, September 14, September 17, September 20, October 3, and November 14. *See* Dkt. 73-21 at 2-10.

that Mr. Carr received treatment and had a consultation regarding his health, including, *inter alia,* treatment for diarrhea or "C-Diff." *Id.* Mr. Carr's medication records from the relevant time period also reveal that Mr. Carr regularly received a variety of different medications that were overseen by medical professionals. *Id*. at 18-25. In fact, the records show medical staff analyzing the effectiveness of Mr. Carr's medications, and addressing Mr. Carr's other various medical needs. *Id.* at 2-10. In all, the Defendant has adduced significant evidence that Mr. Carr received regular medical care while in Unit 8, which directly undermines any claim that Sergeant Higgins was "deliberately indifferent" to his medical needs, or interfered with his regular medical care.

Mr. Carr's only rebuttal seems to be that Sergeant Higgins and his staff "would often refuse to take Mr. Carr's…health service request forms." Dkt. 101-1 at 10. But Plaintiff fails to back up this conclusory claim in his "statement of undisputed facts" (Dkt. 101-2) or anywhere else in the court record. Instead, the Plaintiff points to several grievance forms, which are part of the jail's grievance process and not medical in nature. *See* Dkt. 101-1 at 10. A prisoner's requests for medical care are made through a different process called "health service requests." *See generally* Dkt. 73. While failure to process grievance forms might raise an issue of material fact whether the grievance process was "unavailable" for purposes of an exhaustion of administrative remedies analysis under the PLRA, it does not show that Sergeant Higgins denied Mr. Carr access to medical care in Unit 8 in violation of the Eighth Amendment. *See* Dkt. 106 at 3-4. Plaintiff has not

pointed the Court to any evidence of Sergeant Higgins inhibiting his access to medical care, whether by refusing to accept a health service request form or otherwise.

Defendant's Cross Motion for Summary Judgment, therefore, has identified that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support [Plaintiff]'s case." *Celotex* 477 U.S. at 325. Here, Defendant points to an absence of evidence that Sergeant Higgins was involved with Mr. Carr's medical care at all, and complete lack of evidence that he negatively impacted Mr. Carr's access to care. The burden is therefore on the Plaintiff to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). As detailed above, Mr. Carr has failed to do so. He fails to connect Sergeant Higgins to the provision of medical care in Unit 8, and fails to explain how Sergeant Higgins was deliberately indifferent to his medical needs despite the significant medical records cataloguing his care during the relevant 2012 and 2013 time periods. Because Plaintiff has failed to introduce evidence on which the jury could reasonably find in his favor, Rule 56(c) mandates the entry of summary judgment. The parties have had adequate time for discovery, and Plaintiff has not carried his burden to make an evidentiary showing sufficient to establish that a reasonable jury could rule in his favor on the deliberate indifference claim against Sergeant Higgins.

**ORDER**

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 101) is DENIED.

2. Defendant's Cross Motion for Summary Judgment (Dkt. 102) is GRANTED.

3. Plaintiff's Motion to Compel (Dkt. 108), Plaintiff's Motion to Appoint Counsel (Dkt. 112) and Plaintiff's Motions for Subpoenas (Dkts. 113, 114) are DENIED as MOOT

4. The Court shall issue a separate judgment as required by Rule 58(a).

DATED: March 28, 2019

B. Lynn Winmill
U.S. District Court Judge